UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SARAH L.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 4:18-cv-05198-SMJ

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Sarah L. appeals the Administrative Law Judge's (ALJ) denial of her application for Supplemental Security Income (SSI) benefits. She alleges that the ALJ (1) improperly rejected the opinions of several medical providers, (2) improperly rejected Plaintiff's own subjective complaints, (3) failed to conduct adequate analyses at steps four and five of the sequential analysis process, and (4) improperly adopted the findings from a prior ALJ's determination that Plaintiff was not disabled. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 12, 13. Upon reviewing the administrative record,

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - 1

the parties' briefs, and the relevant authority, the Court is fully informed. For the reasons set forth below, the Court agrees with Plaintiff that the ALJ improperly discounted the opinions of several medical providers and that these errors were not harmless. Accordingly, the Court grants Plaintiff's motion for summary judgment, denies the Commissioner's motion for summary judgment, and remands for further proceedings.

## BACKGROUND[1]

Plaintiff applied for Supplemental Security Income on March 27, 2015. AR 134–142.[2] The Commissioner denied Plaintiff's application on August 24, 2015, *see* AR 119–22, and denied it again on reconsideration, *see* AR 115–31. At Plaintiff's request, a hearing was held before ALJ Jesse Shumway. AR 47–77. The ALJ denied Plaintiff benefits on March 13, 2018. AR 12–31. The Appeals Council denied Plaintiff's request for review on October 26, 2018. AR 1–6. Plaintiff then appealed to this Court under 42 U.S.C. § 405(g). ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here.
[2] References to the administrative record (AR), ECF No. 8, are to the provided page numbers to avoid confusion.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **- 2**

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual

functional capacity, or RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**ALJ FINDINGS**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity. AR 17.

At step two, the ALJ found that Plaintiff had four medically determinable severe impairments: fibromyalgia, bipolar disorder, personality disorder, and substance addiction disorder. *Id.* The ALJ did not find that Plaintiff's asthma, obesity, chronic fatigue syndrome, somatic symptom disorder, obsessive-compulsive disorder, or attention deficit hyperactive disorder were severe impairments. AR 17–18. The ALJ adopted this finding from another ALJ's finding, in Plaintiff's 2010 appeal from a denial of benefits, because he found "insufficient new and material evidence to warrant a departure from that finding." *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 18.

At step four, the ALJ found that Plaintiff had an RFC sufficient to perform light work as defined in 20 C.F.R. § 419.967(b) with the following limitations: "[she] is able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, and little judgment; and supervision required is simple, direct, and concrete (unskilled)." AR 20. As with the ALJ's finding at step two, this finding was adopted from the

ALJ's finding in Plaintiff's 2010 appeal. *Id.*

In reaching this determination, the ALJ gave great weight to the opinions of Donna Veraldi, Ph.D., Robert Handler, M.D., John Robinson, Ph.D., Gordon Hale, M.D., and Bruce Eather, Ph.D. AR 23–24. The ALJ gave partial weight to the opinion of Cecilia Cooper, Ph.D. AR 22. The ALJ gave little weight to the opinion of James Vaughn, M.D., and N.K. Marks, Ph.D. AR 23. The ALJ did not address the opinion of Phyllis Sanchez, Ph.D. *See generally* AR 20–24.

At step five, the ALJ found Plaintiff could perform past relevant work as a cashier. AR 24. In the alternative, the ALJ found Plaintiff could perform other jobs existing in the national economy. AR 25.

**STANDARD OF REVIEW**

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record, considered as a whole, to support the ALJ's decision. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). If the evidence supports more than one rational

interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court will not reverse an ALJ's decision if the errors committed by the ALJ were harmless. *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

### A. The ALJ erred in evaluating the opinions of two medical providers

Plaintiff first contends the ALJ erred in assigning reduced weight to the opinions of Drs. Vaughan, Cooper, and Marks, and by disregarding the opinion of Phyllis Sanchez, Ph.D. ECF No. 12 at 11–17.

For SSI appeal purposes, there are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (alteration in original) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining

physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, . . . and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (internal citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). But the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830–31)*.*

**1. James Vaughn, M.D.**

Plaintiff was treated by Dr. Vaughn throughout 2016 and 2017. In 2016, Dr. Vaughn opined that Plaintiff was severely limited such as to preclude even sedentary work, and that she was never expected to recover beyond that level of disability. AR 506. In 2017, Dr. Vaughn opined that Plaintiff's condition would

result in her missing four or more days of work every month and in her being off task more than thirty percent of the time. AR 660.

The ALJ assigned little weight to these opinions because "although Dr. Vaughn is a treating physician . . . a checkbox form was used with little explanation to support [his] opinion." AR 23. The ALJ also noted Plaintiff's ability to care for her son, her failure to comply with treatment recommendations, and her "drug seeking behavior" were inconsistent with Dr. Vaughn's conclusions. *Id.*

An ALJ may reject the opinions of a physician where those medical conclusions are memorialized only in "check-off reports that [do] not contain any explanation of the bases" for the physician's assessments. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Although Dr. Vaughn's 2016 and 2017 evaluations of Plaintiff included findings of significant disability, the ALJ's conclusion that his assessments were inadequately supported was not reversible error. Dr. Vaughn's most impactful opinions—including (1) that Plaintiff was "unable to meet the demands of sedentary work," a condition which would be "lifelong," and (2) his conclusions about the amount of time Plaintiff could reasonably be expected to miss work and be distracted—were memorialized simply in check-box format, and were not supported by even a modest explanation drawing on the specifics of his treatment of Plaintiff. *See* AR 506, 663. The remainder of Dr. Vaughan's reports are "brief, conclusory and inadequately supported by clinical findings." *Bray*, 554

F.3d at 1228. Accordingly, the ALJ did not err in assigning little weight to Dr. Vaughan's opinions, as those conclusions were inadequately supported. *Id.*; *see also Crane*, 76 F.3d at 253; *Molina*, 674 F.3d at 1111.

### 2. Cecilia Cooper, Ph.D.

In August 2015, Dr. Cooper evaluated Plaintiff and determined she

> [W]ould have difficulty tolerating the mental demands associated with competitive work. Her responses to normal hazards would be unreliable because of personal issues. Her relationships at work sites are apt to become strained because of unrealistic expectations. . . . She would require reminders to keep her surroundings in good order.

AR 474. The ALJ gave partial weight to Dr. Cooper's opinions because she failed "to diagnose or account for [Plaintiff]'s admittance of smoking marijuana three to four times per day." AR 22. The ALJ noted, however, that Dr. Cooper's "observations are consistent with the claimant's presentation throughout other medical visits." *Id.*

An ALJ errs by rejecting a medical opinion simply by "criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Here, the ALJ assigned only partial weight to Dr. Cooper's opinion after simply noting that Dr. Cooper failed to "diagnose or account for" Plaintiff's substance use, but the ALJ did not explain why that omission was improper or rendered the rest of Dr. Cooper's opinions unreliable.

The Commissioner argues that the Court should assume the ALJ considered Dr. Cooper's opinion in light of the opinions by other medical providers—namely, Dr. Marks's conclusion that Plaintiff put forth limited effort during his evaluation of her. ECF No. 13 at 13. This argument is unpersuasive because the ALJ failed to make clear whether or not he was drawing on the opinions of other medical providers in assessing the opinion of Dr. Cooper. To accept the Commissioner's argument would justify an ALJ rejecting every one of a claimant's medical providers' opinions any time the claimant exhibited little effort during an evaluation by any one of them. Worse, to accept that argument in this case—where the ALJ himself failed to explain whether he was drawing on Dr. Marks' conclusions in interpreting Dr. Cooper's[3]—would permit the Commissioner to defend an ALJ's unjustified rejection of a provider's opinion using *post hoc* rationalizations. Accordingly, the Court finds the ALJ erred in assigning little weight to the opinion of Dr. Cooper. Given the severity of the limitations Dr. Cooper assigned Plaintiff, the Court cannot find the error in discounting her opinion harmless and therefore remands for further proceedings.

---

[3] The Commissioner relies on the ALJ's statement that Dr. Cooper's "observations are consistent with the claimant's presentation throughout other medical visits" to support the argument that the ALJ was importing Dr. Marks' observations regarding Plaintiff's limited effort when interpreting Dr. Cooper's findings. AR 22. However, the Court finds this remark insufficiently clear to determine that the ALJ was indeed doing so, and therefore considers the Commissioner's argument a *post hoc* explanation.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - 11

### 3. NK Marks, Ph.D.

N.K. Marks, Ph.D. opined that Plaintiff suffered from moderate limitations in "her ability to understand, remember, and persist in detailed instructions," marked limitations in "performing activities within a schedule, maintaining regular attendance, asking simple questions or requesting assistance, communicating and performing effectively in a work setting, and setting realistic goals and planning independently," and severe limitations in "completing a normal workday or workweek without psychological interruptions and in maintaining appropriate behavior in a work setting," as well as only mild difficulties in a number of other areas. AR 23. The ALJ assigned little weight to the opinion of Dr. Marks because it was "based on a cursory exam," memorialized in a check-box form, failed to adequately explain the impact of Plaintiff's substance abuse on her purported impairments, and because Dr. Marks noted in his report that his conclusions should be interpreted cautiously as Plaintiff appeared to put forth reduced effort during his evaluation. AR 23.

As explained above, use of a check-box form to memorialize a provider's opinions of a claimant's limitations is a sufficient basis for the ALJ to reject those conclusions when they are not accompanied by "supporting reasoning or clinical findings." *See Molina*, 674 F.3d at 1111. While Dr. Marks's conclusions regarding Plaintiff's limitations are memorialized by use of a checkbox form, his examination

and clinical findings are explained. *See* AR 510–16. The record of Plaintiff's encounter with Dr. Marks includes a page-long clinical interview, three clinical findings with detailed explanations, and a two-page "mental status examination" with his findings explained in narrative form. *Id.* Thus, Dr. Marks's findings—although memorialized in a checkbox format—were accompanied by "supporting reasoning and clinical findings," *Molina*, 674 F.3d at 1111, and his examination of Plaintiff was not "cursory," as the ALJ concluded. AR 23.

Nevertheless, the ALJ also considered Dr. Marks's note that the results of his examination "should be viewed cautiously," because it was "unclear how much effort [Plaintiff] put into her answers." AR 23; AR 511. A patient's apparent lack of full effort during a medical examination is an appropriate factor for the ALJ to consider in assessing a provider's opinions. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Thus, although it was error for the ALJ to discount Dr. Marks's conclusions simply because of the format in which they were presented, Plaintiff's apparent lack of effort was a sufficient basis to assign those opinions little weight, and the Court will not disturb the ALJ's conclusions in this regard.

**4. Phyllis Sanchez, Ph.D.**

Plaintiff was evaluated by Phyllis Sanchez, Ph.D., of Washington State's Department of Social and Health Services, in mid-2016. *See* AR 517. Dr. Sanchez reviewed the findings of Dr. Marks and concluded that his diagnoses, assigned

functional limitations, estimated impairment duration, and onset date were all supported by objective medical evidence. AR 517. Although Dr. Sanchez's report was before the ALJ, he failed to explain what, if any, weight he assigned to Dr. Sanchez's opinion. *See generally* AR 20–24.

An ALJ errs by failing to consider the opinion of a medical provider, including one tasked specifically with evaluating a patient's claim of disability. *See* SSR 96-6P (S.S.A. July 2, 1996) ("Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions."). Thus, the ALJ's failure to explain what weight, if any, he assigned to Dr. Sanchez's opinion was error. Because the ALJ failed entirely to mention Dr. Sanchez's opinions, it is impossible to determine if the error was harmless. Accordingly, the Court remands for further proceedings during which the ALJ must consider Dr. Sanchez's report.

### 5. The ALJ properly discounted Plaintiff's symptom testimony

Plaintiff next alleges the ALJ erred by discounting her own testimony. Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of his symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The

ALJ's findings must be sufficient "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray*, 554 F.3d at 1227. The Court may not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039.

The ALJ discounted Plaintiff's symptom testimony for several reasons. First, the ALJ noted that Plaintiff was unwilling to follow the course of treatment recommended by her doctors, suggesting that she was more interested in obtaining prescription opiates than partnering with her doctors to pursue therapies that would be best for her in the long run. AR 22. ("[Plaintiff's] unwillingness to engage aerobic activity seemingly indicates that her conditions are not as severe as she alleges."). The ALJ also remarked that Plaintiff's "inability to refrain from substance use . . . prevents her from engaging in certain treatment." *Id*. For example, though doctors recommended low-impact aerobic exercise to address Plaintiff's fibromyalgia, Plaintiff sought prescriptions for opiates and was unwilling to attend physical therapy. *See* AR 462 ("I do not see any long-term functional goals for initiating opiate therapy at this time and therefore am not comfortable initiating

opiate management. At this point [Plaintiff] terminated the encounter."); AR 674 ("I explained to [Plaintiff] that the best therapy for fibromyalgia to date is consistent and low-impact aerobic activity."); 677 (referencing Plaintiff's "'please help me, but not in the way that you recommend' attitude").

The "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" is one factor the ALJ may consider in evaluating a claimant's testimony. *Tommasetti*, 533 F.3d at 1039 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). The ALJ discounted Plaintiff's testimony based on her unjustified and inadequately explained refusal to follow the course of treatment recommended by her doctors after they refused to initiate an opiate-based pain management approach to Plaintiff's symptoms. The ALJ's conclusion that this undermined Plaintiff's claims regarding the severity of her symptoms was based on substantial evidence, and the Court may not second guess that judgment. *Tommasetti*, 533 F.3d at 1039.

**6. The Court cannot determine if the ALJ's step four and five analyses were proper**

Plaintiff contends that the ALJ's failure to give appropriate weight to the opinions of the providers in the record before him rendered his analysis at steps four and five of the sequential analysis process invalid. *See* ECF No. 12 at 20. The Court agrees. The ALJ's failure to properly consider the opinions of Drs. Cooper and Sanchez casts doubt on the ALJ's ultimate RFC determination such that the ALJ's

conclusions at steps four and five must be remanded for further proceedings. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

### 7. The ALJ must reconsider the application of *Chavez* on remand

Plaintiff previously applied for disability benefits and was denied, a decision which was eventually upheld by an ALJ in 2010. *See* AR 78–93. Plaintiff alleges the ALJ in the matter before the Court improperly adopted the prior ALJ's conclusions. ECF No. 12 at 10–11.

Because *res judicata* applies to administrative proceedings, an individual who has previously applied for and been denied disability benefits must show "'changed circumstances' indicating a greater disability." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)). Changed circumstances can include "an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability." Acquiescence Ruling (AR) 97-4(9), available at 1997 WL 742758, at *3.

The ALJ in the matter before the Court concluded that there were limited changed circumstances because Plaintiff suffered from severe mental impairments and the mental health listings had changed since the time of the ALJ's finding in 2010. AR 15. The ALJ concluded, "[n]onetheless, the current evidence does not demonstrate new severe impairments, show a deterioration in the claimant's

residual functional capacity, or demonstrate a change in the claimant's past relevant work," and therefore adopted the prior ALJ's findings as to those issues. *Id.*

Plaintiff contends "the updated medical evidence and physician and psychologist opinions demonstrate a progressive decline in functioning, establishing additional functional limitations." ECF No. 12 at 11. She contends the ALJ erred in discounting the opinions of the new medical experts and that the ALJ's factual findings were not supported by substantial evidence. ECF No. 14 at 2. As explained above, the Court agrees, at least in part. Because the Court finds the ALJ erred in considering the opinions of Drs. Cooper and Sanchez, which were issued after the 2010 disability determination, and that those mistakes require a new analysis of Plaintiff's RFC, the Court remands for further proceedings. On remand, the ALJ should again evaluate whether Plaintiff has demonstrated changed circumstances sufficient to escape the *res judicata* effect of the prior ALJ's decision. *See Chavez*, 844 F.2d at 693.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

//

//

**2.** The Commissioner's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

**3.** The Clerk's Office shall **ENTER JUDGMENT** in favor of **PLAINTIFF** and thereafter **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of December 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge